d

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| ERVIN YOUNG, et al | CIVIL ACTION NO. 14-3030 |
| VERSUS | CHIEF JUDGE DEE D. DRELL |
| GREGORY WALLER, et al | MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION

The instant motion to remand, doc. # 9, is referred to me by the district judge for report and recommendation. Suit was timely filed on September 4, 2014 seeking damages as the result of an automobile accident in Avoyelles Parish. Defendant, Tower Insurance Company of New York, is a foreign insurer authorized to do business in the State and who has appointed the Louisiana Secretary of State as its agent for service of process pursuant to LSA-R.S. 22:335. The Secretary of State was served with process on behalf of Tower on September 12, 2014; Tower filed its Notice of Removal on October 15, 2014, more than 30 days after service on the Secretary of State. Plaintiff seeks to remand the case based on untimely removal.

Analysis

The time delays for filing a notice of removal are set forth in 28 U.S.C. §1446(b)(1), which states that "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ".

Plaintiffs argue that defendant, Tower" received service when the Secretary of State was

served on its behalf. Tower argues that the statute has never been construed that way. Plaintiffs cite no cases in support of their argument.

Before a case can be removed, the defendant must have an adequate opportunity to review the complaint to see if removal is proper. That time period should not depend on the efficiency of the Secretary of State's office or on its getting the actual pleading to the defendant promptly. What the statute requires is receipt by the defendant of a properly served pleading. While receipt by its agent may well be constructive receipt, it is not the kind of receipt necessary to allow a defendant, through its attorneys to determine whether removal is appropriate. This court has previously considered this question and held that service of process on the Louisiana Secretary of State does not begin the running of the 30 day period for removal. Manuel v. UNUM, 932 F. Supp. 784 (W.D. LA 1996). Both the Eastern and Middle Districts are in accord. See Backes v. Colonial Life & Accident Ins. Co., 2006 WL 901799 and First Choice Surgery Ctr. Of Baton Rouge, LLC v. United Healthcare, 2012 WL 3109483, respectively. Other courts have held the same. See Renaissance Marketing, Inc. V. Monitronics, Inc., 606 F. Supp.2d 201 (D. P.R. 2009); Tucci v. Hartford, 600 F.Supp2d 630 (D. N.J. 2009).

In other words, while actual service of process is necessary to trigger the removal clock, actual notice by the defendant is also required. Here, the office of the Secretary of State was served on September 12, 2014 and it mailed the summons to CT Corporation, Tower's registered agent for service of process on September 15, 2014. CT received the documents on September 16th and Tower's removal notice was filed on October 15, 2014, 29 days after notice to its agent, CT Corporation.

Therefore, I find that removal by Tower was timely and the motion to remand should be

denied.

For the foregoing reasons IT IS RECOMMENDED that the motion to remand, doc. #9, be DENIED.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)© and Fed.R.Civ.P. 72(b), the parties have §fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. . A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before making a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this 16th day of December, 2014.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

3