RECEIVED
OCT 16 2015
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| ERVIN YOUNG, ET AL | CIVIL ACTION NO. 1:14-3030 |
| VERSUS | JUDGE JAMES T. TRIMBLE, JR. |
| GREGORY WALLER, ET AL | MAG. JUDGE KIRK |

MEMORANDUM RULING

Before the court is "Defendant's Motion to Dismiss Flames Logistics, Inc." (R. #23) wherein defendant, Tower Insurance Company of New York ("Tower"), seeks to dismiss defendant, Flames Logistics, Inc. ("Flames"), allegedly due to lack of service of process. Tower filed its first motion to dismiss for lack of service[1] on April 23, 2015 which the undersigned denied on June 19, 2015 because plaintiffs had attempted to effect service under Rule 4(d) of the Federal Rules of Civil Procedure; the undersigned extended the period to effect service for an additional thirty days.[2]

On July 6, 2015, plaintiffs again attempted service on Flames via certified mail, but said service of process was marked "refused." Plaintiffs maintain that service of process is effective pursuant to the Louisiana Long Arm statute, Louisiana Revised Statute § 13:3204(A) which states that the certified copy of the citation and petition "shall be sent by counsel for the plaintiff . . . to

---

[1] R. #16.
[2] R. #22.

1

the defendant by registered or certified mail, or actually delivered to the defendant by commercial courier, when the person to be served is located outside of this state."

Under the clear wording of the statute, all that is necessary to constitute service upon a non-resident under the Long Arm statute is for the plaintiff to send a certified copy of the citation and of the petition in the suit to defendant by registered or certified mail.[3] The statute does not require a signed return receipt. The sending by mail of a certified copy of citation satisfies the requirements of "due process."[4] To allow a defendant to defeat service of process by refusing to accept a registered letter would render the Long Arm Statute ineffective. The evidence shows that twice, plaintiffs sent Flames a certified copy of the citation and petition in the suit by registered or certified mail.[5] Thus, this court deems that service is sufficient as to this defendant.

## CONCLUSION

For the reasons set forth above, the motion to dismiss filed by Tower will be denied.

**THUS DONE AND SIGNED** in chambers on this 16th day of October, 2015.

JUDGE JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

[3] See McFarland v. Dippel, 756 So.2d 622 (La.App. 1 Cir. 3/3/00); Thomas Organ Co. v. Univ. Music Co., 261 So.2d 323. 327 (La.Ct. App. 1972).
[4] International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154 (1945).
[5] R. # 18 (unclaimed) and 25 (refused).

2